IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHLEIGH M. TAYLOR,<br><br>  Plaintiff,<br><br>  v.<br><br>LAWRENCE COUNTY DOMESTIC RELATION SECTION,<br><br>  Defendant. | 2:23-CV-01321-CCW |

**OPINION**

Before the Court is Defendant Lawrence County Domestic Relation Section's ("Lawrence County DRS") Motion to Dismiss. ECF No. 12. For the reasons set forth below, the Court will grant the Motion.

**I.   Background**

Pro se plaintiff Ashleigh M. Taylor commenced this 42 U.S.C. § 1983 action and alleges that Lawrence County DRS used "excessive force" against her, in violation the Fourth, Eighth, and Fourteenth Amendments.[1] ECF No. 3 at 3.[2] This case arises from Ms. Taylor's arrest on February 14, 2023, while in a child support hearing in a courtroom at Lawrence County DRS. ECF No. 4 at 1–2. During the hearing, the father of Ms. Taylor's child requested that Ms. Taylor be incarcerated. ECF No. 4 at 1–2. Ms. Taylor alleges that she stated that "she would follow peacefully and politely asked if it was necessary to place her in handcuffs." *Id.* at 2. Ms. Taylor

---

[1] The Court has federal question jurisdiction under 28 U.S.C. § 1331.

[2] Ms. Taylor commenced this action by completing this District's Pro Se Complaint for a Civil Case form. ECF No. 3. She then submitted "Plaintiffs' [sic] Brief in Support of Complaint." ECF No. 4. As Ms. Taylor expounds upon the facts underlying her claim in the "Brief," the Court will treat and refer to ECF Nos. 3 and 4 collectively as Ms. Taylor's "Complaint."

1

contends that she suffered "serious bodily injury" when she was handcuffed despite informing the officer that she had a tear in her left shoulder. *Id.* Ms. Taylor also alleges that she was intimidated by the officers to go into an unmarked SUV. *Id.* Ms. Taylor does not identify what relief, or type of relief, she is requesting in this lawsuit.

Because Ms. Taylor is proceeding in forma pauperis, the United States Marshals effectuated service. Lawrence County DRS seeks to have Ms. Taylor's Complaint dismissed on the basis of Eleventh Amendment immunity and that it is not a "person" subject to § 1983. ECF No. 12.

## II. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim. In reviewing a motion to dismiss, the court accepts as true a complaint's factual allegations and views them in the light most favorable to the plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Although a complaint need not contain detailed factual allegations to survive a motion to dismiss, it cannot rest on mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, "a formulaic recitation of the elements of a cause of action will not do." *Id.* Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and be "sufficient . . . to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). Notably, courts must construe a pro se plaintiff's pleadings liberally given that "pro se plaintiffs are not held to as high a pleading standard as other litigants." *Jones v. Omni Bank*, Civil Action No. 98-2223, 1998 WL 761869 at *5 (E.D. Pa. Oct. 20, 1998). Even so, a

plaintiff's pro se status does not "exempt a plaintiff from pleading the essential elements of his claim, nor does it excuse ignorance or lack of attention to the ordinary rules of civil procedure." *Id.* (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

### III. Ms. Taylor's Action is Barred by the Eleventh Amendment

The "Eleventh Amendment protects a state or state agency from a § 1983 suit, unless the state has waived its own immunity, and Pennsylvania has expressly withheld its consent to be sued." *Bryant v. Cherna*, 520 F. App'x 55, 57 (3d Cir. 2013) (internal citations omitted). The "state courts of Pennsylvania, including their domestic relations sections, are entitled to immunity from suit in federal court pursuant to the Eleventh Amendment." *Id.* Here, Ms. Taylor's Complaint asserts a § 1983 action against Lawrence County DRS, which is a subunit of the Lawrence County Court of Common Pleas. Accordingly, Lawrence County DRS is entitled to immunity under the Eleventh Amendment. *Id.* ("[W]e agree that both the Family Division and the Domestic Relations Section are immune from suit."); *Chilcott v. Erie Cnty. Domestic Rels.*, 283 F. App'x 8, *10 (3d Cir. 2008) ("[T]he District Court properly dismissed the suit against…the Erie County Domestic Relations Section of the Erie County Court of Common Pleas because the Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens."); a*ccord Paylor v. Allegheny Cnty. Fam. Div./Domestic Rels.*, Civ. A. No. 2:16-cv-1071, 2017 WL 4235944, at *5 (W.D. Pa. Sep. 25, 2017) (Cercone, J.) (dismissing claims relating to child support against Allegheny County Domestic Relations Section on the basis of Eleventh Amendment).

The Court is satisfied that any amendment of Ms. Taylor's complaint would be futile. *Nails v. Pa. Dept. of Trans.*, 414 F. App'x 452, 455 (3d Cir. Feb. 22, 2011) (affirming dismissal of

3

complaint under Rule 12(b)(6) and holding it would be futile due to Eleventh Amendment immunity).

## IV. Conclusion

For the foregoing reasons, Defendant Lawrence County Domestic Relation Section's Motion to Dismiss will be GRANTED, and Plaintiff Ashleigh M. Taylor's Complaint will be DISMISSED with prejudice.

DATED this 25th day of June, 2024.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via U.S. mail):

Ashleigh M. Taylor, pro se
44 Lincoln Ave #2
Bellevue, PA 15202